## TAYLOR v. RUNDELL.

Contracts entered into during minority, may be rendered valid, by a ratification, either express or implied, made after the disability has ceased. C. C. 1778, 1785, 1869.

Where improvements made on public lands of the United States purchased by a minor, are held by him after arriving at the age of majority, and he continues to cultivate the land, it will amount to a ratification of the contract.

APPEAL from the District Court of Madison, *Curry*, J. *Amonett*, for the plaintiff. *Shannon*, for the appellant. The judgment of the court was pronounced by

KING, J. This action is instituted upon two promissory notes executed by the defendant, payable to *E. W. Thorpe*, or bearer, and by the latter transferred to the plaintiff. Interest is claimed from the maturity of the notes, on the ground that they were given for property producing revenue. The defendant admits the execution of the notes, and pleads minority and a failure of consideration. A judgment was rendered in the court below against him, from which he has appealed.

Interrogatories were propounded to the defendant, enquiring into the consideration of the notes, to which he answered that, they were given for a claim, which *Thorpe* said he had to one thousand acres of land ; that the land belonged to the government ; that *Thorpe* had no title to any part of it ; that it yielded no revenue ; and that he was under twenty-one years of age when he executed the notes. Two witnesses, whose veracity has not been impeached, contradict two of these statements. They both state that the notes were given for improvements upon public land ; and one of them states that the defendant made annual revenues from it. It is further shown that the defendant has always been in peaceable possession of the land and improvements, since the date of his purchase.

The answers of the defendant, stating that he was under twenty-one years of age when the notes were executed, are the only evidence in support of the plea of minority. If the effect of these had not been destroyed, by the testimony of the witnesses who contradict his statements in other respects, they would still be insufficient to support the plea. The defence is not that the defendant is now a minor, but that he was a minor in 1841, when he executed the notes, and his oath is to the same effect.

Contracts entered into during minority may be rendered valid by ratification, either expressed or implied, after the disability ceases. Civil Code, arts. 1778, 1785, 1869. The defendant has continued to hold possession of the improvements, and to cultivate the land, and appears to have made no offer to restore either. This is an affirmance of the contract. *Judgment affirmed.*